Filed 3/30/22  P. v. Minnich CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MARSHALL SCOTT MINNICH,<br><br>Defendant and Appellant. | F082498<br><br>(Super. Ct. No. 1495998)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Stanislaus County.  Dawna Reeves, Judge.

Patrick J. Hennessey, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and Amanda D. Cary, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Hill, P. J., Smith, J. and Meehan, J.

## INTRODUCTION

In 2018, a jury convicted appellant Marshall Scott Minnich of two counts of second degree burglary (Pen. Code, § 459;[1] counts I & IV) and one count of robbery (§ 211; count II).[2]  In count II (robbery), the trial court sentenced appellant to prison for three years, which was doubled because of a prior strike conviction.  In count IV (burglary), the court imposed a consecutive term of one year four months.  A five-year enhancement under section 667, subdivision (a), was imposed for a prior serious felony conviction.  The sentence on the other burglary conviction was stayed.  Appellant received an aggregate prison term of 12 years four months.

In 2020, this court issued an unpublished opinion in which we rejected appellant's claim that insufficient evidence supported his robbery conviction.  However, we agreed with the parties that resentencing was required following Senate Bill No. 1393 (2017-2018 Reg. Sess.) (Senate Bill 1393).  We remanded this matter with directions for the trial court to exercise its discretion to dismiss or strike the five-year enhancement imposed under section 667, subdivision (a).  We otherwise affirmed the judgment. (*People v. Minnich* (July 23, 2020, F077819).)[3]

On February 26, 2021, the trial court declined to strike the five-year enhancement previously imposed under section 667, subdivision (a).  The court imposed the same prison term previously ordered.

In the present appeal, appellant contends that the trial court abused its discretion in failing to strike the five-year enhancement imposed under section 667, subdivision (a). We affirm.

---

[1]     All future statutory references are to the Penal Code unless otherwise noted.

[2]     In count III, the jury found appellant not guilty of assault with a stun gun or taser (§ 244.5, subd. (b)).

[3]     On May 27, 2021, this court granted appellant's request for judicial notice to take notice of our record and prior opinion in *People v. Minnich*, case No. F077819.

## BACKGROUND

The facts supporting appellant's judgment are set forth in greater detail in *People v. Minnich*, *supra*, F077819. Appellant committed crimes at two locations. A burglary and robbery occurred at a church. A second burglary took place about 16 days later at a computer repair store.

The pastor at the church intervened while appellant and two other suspects were in the process of carrying away property belonging to the church. The pastor struck one suspect over the head with a putter. Appellant and another suspect confronted the pastor. The other suspect sprayed a mace-like substance onto the pastor's face. Appellant held a stun gun, which the pastor heard charging. The pastor struck appellant's wrist with the putter, and appellant dropped the stun gun. The three suspects fled. Appellant was apprehended about 16 days later when he was caught fleeing with stolen property taken from a computer repair store.

## DISCUSSION

Appellant argues that the trial court abused its discretion. According to appellant, the court failed to inquire about or consider appellant's recent behavior in prison.[4] Appellant maintains that, if he had incurred a recent negative disciplinary history while in prison, the prosecution would have presented such information to the court. Appellant also contends that his prior criminal history does not include violence and it does not demonstrate increasing seriousness. He believes the court "overestimated" the severity of his criminal record. Appellant asserts that nothing in his more recent misdemeanor criminal cases suggests he would be "an unreasonable danger to society if relief was granted." He argues that a remand is required for resentencing. He wants the

---

[4]     When resentencing occurred on February 26, 2021, appellant had been in prison since approximately June 2018.

3.

opportunity to present to the trial court "additional evidence" regarding "his disciplinary history and work history while incarcerated."

We reject appellant's arguments. The trial court did not abuse its discretion.

In September 2018, the Governor signed Senate Bill 1393. This law became effective on January 1, 2019. Under Senate Bill 1393, sentencing courts now have discretion to dismiss or strike a five-year enhancement for a prior serious felony conviction. (*People v. Garcia* (2018) 28 Cal.App.5th 961, 965.)

We use an abuse of discretion standard to review the trial court's decision not to strike a prior serious felony enhancement. (*People v. Shaw* (2020) 56 Cal.App.5th 582, 587.) Under this standard, we will not disturb the trial court's decision on appeal unless it acted in an arbitrary, capricious or patently absurd manner that resulted in a manifest miscarriage of justice. (*People v. Rodrigues* (1994) 8 Cal.4th 1060, 1124–1125; see *People v. Williams* (1998) 17 Cal.4th 148, 162 [abuse of discretion review asks whether ruling in question falls outside bounds of reason under applicable law and relevant facts].)

A trial court must evaluate the nature of the offense and the offender in deciding whether to strike a five-year enhancement. (*People v. Shaw*, *supra*, 56 Cal.App.5th at p. 586.) "No error occurs if the trial court evaluates all relevant circumstances to ensure that the punishment fits the offense and the offender." (*Id.* at p. 587.) A trial court may consider the following factors when determining whether to strike a prior conviction enhancement allegation: (1) the criminal history; (2) the disciplinary record while incarcerated; and (3) any other evidence that the court deems relevant. (*People v. Valencia* (2017) 3 Cal.5th 347, 354.)

Here, the trial court in 2021 stated it had reviewed the sentencing transcript, a sentencing brief from the People, the remittitur from this court, and the probation report prior to exercising its sentencing discretion. The court noted that appellant's criminal history did not have "any sort of real break" with a "move towards rehabilitation."

The court expressed its belief that the intended burglary of the church "turned into a robbery" after the pastor intervened. According to the court, appellant and the other two suspects had each used violence. The court also observed that appellant had been "habitually burglarizing businesses."

The court commented that appellant had received "multiple grants of probation" and he did not have a "significant period of rehabilitation" for many years. The court noted that, at the original sentencing, it had articulated "five or six aggravating factors," which did not outweigh the factors in mitigation. The court stated that it had previously selected the mitigated prison term of three years instead of five years because appellant was going to receive the five-year enhancement under section 667, subdivision (a).

The court recalled the trial evidence. According to the court, the pastor detained one suspect, who called for the other two suspects. The detained suspect told the others to "F him up." Appellant and the other suspect "then advanced on the pastor" and turned this burglary into a robbery. Appellant had been armed "with a stun gun" and the other suspect had pepper spray, which was used on the pastor. According to the court, appellant and the other suspect inserted violence into this situation when they came back to aid the first suspect. The court concluded that the prior disposition was still appropriate for appellant.

After hearing arguments from defense counsel, the court stated it was not in the interest of justice to strike the five-year enhancement. The court could not escape the fact that two of the burglars (which included appellant) had been armed "with some kind of weapon which means they anticipated the possibility of a confrontation. So I don't think it was an accident that they were prepared to meet with force any kind of resistance." The court imposed the same prison term as before.

Appellant's prior criminal history supports the trial court's decision to not strike the five-year enhancement. In 1997, appellant was convicted of burglary (§ 459) and he was sentenced to prison for four years. In 2000, he received a misdemeanor conviction

for possession of burglary tools (§ 466), along with a felony conviction for possession of a controlled substance (Health & Saf. Code, § 11377). He was sentenced to prison for 32 months. Later that same year, appellant was found in violation of parole.

In 2003, appellant was convicted of carrying a concealed dirk or dagger (former § 12020, subd. (a)), which was a felony. He was sentenced to prison for 32 months.

In 2008, he received a misdemeanor conviction for again carrying a concealed dirk or dagger (former § 12020, subd. (a)). He was placed on three years of probation, and ordered to serve 120 days in jail.

In 2012, he received a misdemeanor conviction for driving on a suspended or revoked driver's license (Veh. Code, § 14601.1, subd. (a)).

In 2013, he received a felony conviction for possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)). He was placed on probation for five years, and ordered to serve 270 days in jail.

In 2013, appellant had a misdemeanor conviction for resisting a peace officer (§ 148, subd. (a)). He was placed on three years of probation, and ordered to serve 60 days in jail.

In 2015, appellant had a misdemeanor conviction for possession or receipt of items as forgery (§ 475, subd. (c)). He was placed on 36 months of probation, and ordered to serve 20 days in jail. Later that same year, the present crimes occurred.

We disagree with appellant's assertion that the trial court failed to consider the evidence appropriately. To the contrary, the court carefully reviewed the trial evidence. The court found it troubling that appellant committed the burglary and robbery at the church with "some kind of weapon." As the court noted, appellant was prepared to meet resistance with force.

Based on the circumstances of the present offenses, along with appellant's extensive prior criminal history, the trial court did not abuse its discretion in determining it was not appropriate to strike the five-year enhancement for a prior serious felony

conviction. (§ 667, subd. (a).) Appellant is a habitual criminal. His conduct is becoming more serious over time, and he has failed to demonstrate rehabilitation. The trial court evaluated the relevant circumstances, and appellant's sentence fits the offense and the offender. (See *People v. Shaw*, *supra*, 56 Cal.App.5th at p. 587.)

Finally, we agree with respondent that appellant has forfeited his claim that the trial court abused its discretion because the court did not expressly consider his recent behavior in prison. Appellant's defense counsel did not make any offer of proof in this regard, and his counsel below did not bring this issue to the court's attention.[5] Complaints about the manner in which a trial court exercises its sentencing discretion and articulates its supporting reasons cannot be raised for the first time on appeal. (*People v. Scott* (1994) 9 Cal.4th 331, 356.) In any event, the court was not required to state a reason for rejecting or minimizing a factor in mitigation. (*People v. King* (2010) 183 Cal.App.4th 1281, 1322.)

The trial court did not act in an arbitrary, capricious or patently absurd manner that resulted in a manifest miscarriage of justice. The court's ruling did not fall outside the bounds of reason under applicable law and the relevant facts. As such, an abuse of discretion did not occur and this claim is without merit.

## DISPOSITION

The judgment is affirmed.

---

**5** Appellant was not personally present in 2021 when the trial court exercised its new sentencing discretion. Appellant, however, waived his right to be present. Appellant notes that his appointed counsel below did not file any papers or submit additional documents when this matter was remanded.

7.